PER CURIAM.
This is an appeal from an order for equitable distribution pursuant to section 440.-39(3)(a), Florida Statutes (1975).[1] We reverse.
The parties agreed the employer and its self-insured servicing agent had paid benefits to appellee Rita Eady totaling $10,-372.90. The record shows appellee settled her claim against the third party tort-feasor for $22,500; that the latter’s insurance coverage was $100,000; and that appellee was a passenger in one of the vehicles involved in the accident, making comparative negligence inapplicable. The only evidence before the trial court was the testimony of the attorney who had represented the third party tort-feasor and his carrier. The attorney testified on direct and cross-examination that the value of appellee’s claim was between $17,500 and $20,000 and that it would have cost more than $2,500 to try the case, thus resulting in the $22,500 settlement. The trial court awarded equitable distribution of $1,000 based on “the length of delay by the Employer and the various appeals.”
The order did not comply with the statute. Appellee received the full value of the damages she sustained and neither of the two statutory exceptions was present. Appellants were clearly entitled to fifty percent of the benefits paid. Accordingly, we reverse and remand with direction to order equitable distribution in accordance herewith.
*39 LETTS, C. J., GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., (retired) Associate Judge, concur.

. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover 50 percent of what it has paid and future benefits to be paid unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee.